UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN DOE, MARY DOE AND JILL DOE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | COMPLAINT |
| **QUINCY PUBLIC SCHOOLS** AND THE ) | |
| **BUREAU of SPECIAL EDUCATION APPEALS** ) | |
| Defendants. ) | |

**Complaint for Relief, from Decision of the Bureau of Special Education Appeals, and Complaint for Attorney Fees.**

## I. Introduction

1.      This action is being brought to the Plaintiff's individually and as parent and legal guardians of Jill Doe (Jill) who are seeking:

A.  Review of a final decision of the Defendant, Bureau of Special Education Appeals of Massachusetts (BSEA), pursuant to 20 USC Section 1415 (i)(2) *et. seq*.

B.      Enforcement of aspects of the Decision of the *BSEA Case # 1302133*

C.      An award of attorney fees as the prevailing party, pursuant to the IDEA, 20 USC 1400 *et.seq.*

## II. Jurisdiction

2.      This court has jurisdiction pursuant to 20 USC Section 1415 (i)(3)A and venue under 28 USC Section 1331

## III.  Parties

1

3.      The Plaintiff's Mary Doe, and John Doe are a married couple with principle place of abode in Quincy, Massachusetts (hereinafter collectively referred to as the "Plaintiffs")

4.      Jill Doe is the minor child of the Plaintiffs.

5.      The Defendant, the Massachusetts Bureau of Special Education Appeals is a government agency with a principle place of business at One Congress Street, Boston.

6.      The Defendant, the Quincy Public Schools is a Massachusetts Public School System with a central office at 159 Burgin Parkway, Quincy, Ma. 02169.

**III.  Factual Background**

7.      Jill is a thirteen-year old, 6th grader, who attends the Clarke School at the campus in Northampton, MA. She attends Clarke as a day student pursuant to a stay-put order of the BSEA.

8.      Jill has a bilateral, sensorineural hearing loss that is communicatively and educationally significant. Relying on her residual hearing, and the use of binaural hearing aids and an FM system for amplification at school, she is and always has been an aural/oral learner/communicator (i.e., she is a listener and talker). She also relies upon visual cues to support her understanding of spoken language. She has never learned (or wanted to learn) sign language. She sees herself as an aural/oral student who has a significant hearing loss.

9.      Jill has also been diagnosed with deficits in expressive and receptive language, and language-based learning disabilities which require a small, language-based class where her language and learning needs are addressed by professionals who employ special educational techniques to circumvent and compensate for learning disabilities and for the effects of her significant hearing loss."

10.     Jill's cognitive profile has remained relatively stable over time. Her 2011 test scores on the WISC-IV reflect functioning in the Low Average range in the Verbal Comprehension area (index score of 85) and functioning in the Average range in the Perceptual Reasoning or non-verbal area (index score of 96). This profile is consistent

with her diagnosis of learning disabilities.

11. During the 2011-2012 school year, Jill attended Clarke School as a residential student pursuant to an accepted IEP and settlement agreement between the parties. However, at the end of the 2011-2012 school year, Clarke discontinued the residential component of its school, and Student currently attends Clarke's day program. Parents reside in Quincy. Because Quincy and Northampton are too far apart for Student to commute to school on a daily basis, Mother has obtained, at private expense, a hotel room in the Northampton area in order to provide Student with the residential support needed for her to continue to attend Clarke. Quincy has refused to pay for the ability of Jill to stay near Clark and commute to Clark.

12. On May 3, 2012, Parents filed a hearing request seeking to order Quincy to continue funding Student's placement at Clarke for the 2012-2013 school year. As the parties recognized, Student had previously attended Clarke as a residential student, and Clarke terminated its residential program effective the end of the 2011-2012 school year.

13. Clarke continued to offer only a day program for the 2012-2013 school year. In light of these changed circumstances, Parents, through their hearing request, sought an order from the BSEA requiring payment not only of the Clarke tuition but also of Parents' living expenses in the Northampton area so that Student would have sufficient residential support from her Parents so that she could continue to attend Clarke, this time as a day student.

14. After the settlement agreement was signed, Quincy completed its portion of the sole source application and forwarded the application to Clarke for it to complete its portion. Clarke did not do so. Clarke took the position that it could not complete the application because it did not have a residential program and could not develop a budget for a program it did not have.

15. On September 14, 2012, Quincy filed a hearing request with the BSEA in the instant dispute, seeking a determination that its proposed IEP for the current school year

is appropriate. On October 2, 2012, Parents' attorney filed a motion seeking that the BSEA determine Student's stay-put placement to be the Clarke School, and that Quincy be ordered not only to pay for this day placement but also to pay for Parents' living expenses in the Northampton area, where Clarke is located.

16. At her own expense, Mother has obtained a hotel room in the area, essentially providing Student with the residential support needed for her to attend Clarke.

17. The Hearing took place on October 22, 23, 24, and 25th of 2012 and a decision was rendered on November 21, 2012.

18. The hearing officer unilaterally changed the hearing through the course of the hearing over the objections of the parties.

19. The hearing officer ruled:

A. The proposed placement and IEP of Quincy which was the crux of Quincy's hearing request were both inappropriate for Jill.

B. Ruled that Jill's current placement was not meeting her needs nor could it be made to do so;

C. Ordered Quincy to find or create an appropriate program which they have failed to do;

D. Ruled that the parents maybe owed reimbursement for their stay in Northampton so Jill could attend Clark but failed to order such reimbursement even though the Decision ordered continued attendance at Clark and the parents argued for reimbursement;

20. The essential aspects of Jill's specialized program are:

A. Program with a full time teacher of the deaf.

B. A program with full time special education teachers;

C. A program with language based teaching format;

D. A program with similar peers so she will not be isolated and seen as weird and

4

different; and

E.  Classrooms without ambient noise.

21.  To date, Quincy has not located or created a program with the above noted parts.

22.  To date, Quincy has not committed to putting into place the above noted parts of Jill's needs in any program.

23.  The Clark school has informed Quincy that they can make their program comply with the hearing officer's order yet Quincy has refused to respond.

24.  To date, Quincy has not reimbursed the parents for any of their costs which allows Jill to attend the Clark School in compliance with the hearing officer's order.

25.  The parents are aggrieved by the Defendant, BSEA's Decision of November 21, 2012 in that failed to find that the Clark School was an appropriate placement or could not be made appropriate.

26.  The parents are aggrieved that Quincy has failed to locate or create an appropriate program for Jill which meets the noted requirements above.

27.  The parents are aggrieved that Quincy has failed to work cooperatively with the Clark School so it can be made appropriate so Jill can be with "her people".

Wherefore, the Plaintiffs pray that this Court:

1.  Order Quincy to reimburse the parents for their costs associated with the ability to stay in the Northampton area and attend Clark School

2.  Reverse the Order of the Hearing Officer stating that Clark School is not appropriate and could not be made appropriate.

3.  Allow the Plaintiff to present such additional avoidance as the issues may require.

4.  Order Quincy to reimburse the parents for their costs and fees to defend their position before the BSEA- Case #1302133.

5.      Award the Plaintiff such other and further relief as the court deems just and appropriate.

                                          Respectfully submitted,
                                          John Doe, Mary Doe, and Jill Doe
                                          By their attorney,

                                          /s/ Michael W. Turner

                                          _____

                                          Michael Turner, Esq.
                                          The Law Office of Michael Turner
                                          BBO #: 565820
                                          242 Wareham Road
                                          P.O. Box 910
                                          Marion, MA 02578
                                          Tel: (508) 748-2362
                                          Fax: (508) 748-6836

Dated:   February 19, 2013

Attachment:  BSEA Decision- 1302133 and Motion to Proceed Anonymously